**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Michael Saunders and Leticia Marie Saunders, Respondents,

v.

Jonathan Jose Palomares, Ashley Yvonne Bernadette Simon, and M. P., Defendants,

Of Whom Jonathan Jose Palomares is the Appellant.

Appellate Case No. 2013-000033

———————

Appeal From Chesterfield County
Roger E. Henderson, Family Court Judge

———————

Unpublished Opinion No. 2014-UP-287
Submitted June 25, 2014 – Filed July 11, 2014

———————

**AFFIRMED**

———————

Earnest Deon O'Neil, of The Law Office of Deon O'Neil, of Columbia, and Bertila Ivane Delora Boyd, of Bostic and Boyd, LLC, of Columbia, for Appellant.

David Michael Saunders and Leticia Marie Saunders, both of Hartsville, pro se.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 63-7-2570(3) (2010) (stating a statutory ground for termination of parental rights is met if the child has been out of the home for a period of six months and the parent has wilfully failed to visit the child); *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 610, 582 S.E.2d 419, 423 (2003) ("Whether a parent's failure to visit is 'wilful' is a question of intent to be determined from the facts and circumstances of each individual case."); *id.* at 610, 582 S.E.2d at 424 ("The [family court] is given wide discretion in making this determination."); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (stating the best interest of the child is "the paramount consideration"); *Charleston Cnty. Dep't of Soc. Servs. v. King*, 369 S.C. 96, 103-04, 631 S.E.2d 239, 243 (2006) (stating the factors set out in *Moore v. Moore*, 300 S.C. 75, 386 S.E.2d 456 (1989), "apply where a natural parent, who has voluntarily relinquished custody of his child, seeks to reclaim custody from a third party. The *Moore* factors cannot apply in the termination of parental rights situation because that situation is governed by statute.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.